UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81207-CIV-MARRA/JOHNSON

MARTIN MCDERMOTT,

    Plaintiff,

v.

I.C. SYSTEM, INC.,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment (DE 8), filed February 1, 2010. The Court has reviewed Plaintiff's motion, Defendant's response, and the record and is otherwise fully advised in the premises.

**I.**

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories and reasonably inferred therefrom, for the purpose of this motion, are as follows:

Martin McDermott ("Plaintiff") alleges that I.C. System, Inc. ("Defendant") violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 - 559.785 (2003), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (1986), in attempting to collect approximately four thousand dollars which Plaintiff owed to Washington Mutual. (DE 8, Mot. for Summ. J. 3.) Plaintiff alleges that Defendant has called him to the point of harassment — six to seven times a day — in an effort to secure the alleged debt. (Mot. Ex. C., *see* McDermott Aff. ¶¶ 1, 3.) Plaintiff further alleges that Defendant threatened to file a lawsuit against him, and even called

him at or about 9:30 p.m. on "Easter Sunday" to collect. (McDermott Aff. ¶¶ 2, 4, 6, 7.)

On January 14, 2010, Defendant served Plaintiff with its answers to Plaintiff's interrogatories. (Mot. Ex. B.) Interrogatory thirteen asked "[w]hy did Defendant call Plaintiff on Easter Sunday at 9:30 pm?" Defendant responded by admitting that "Defendant *did* call Plaintiff on Easter Sunday at 9:30 pm." *Id*. Defendant's response to interrogatory thirteen is the basis for Plaintiff's motion for summary judgment. (Mot. ¶ 7.)

Defendant contends, however, that Plaintiff's motion should be denied because the interrogatory answer on which it is based is a scrivener's error. (DE 12, Resp. to Plaintiff's Mot. ¶¶ 5, 6.) Pointing to its Amended Answers to Plaintiff's Interrogatories and other repeated denials of the substance of the allegations of the complaint, Defendant asserts that its response to interrogatory number thirteen should have read "Defendant did <u>not</u> call Plaintiff on Easter Sunday at 9:30 pm." (Resp. Ex. B.) For the reasons set forth below, this Court agrees that summary judgment should not be granted.

## II.

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, the Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398

U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  *Id*. at 325.

After the movant has met its burden under Rule 56 (c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  According to the plain language of FED. R. CIV. P. 56 (e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56 (e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  *Anderson*, 477 U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

### III.

Plaintiff's Complaint brings this action for damages based upon Defendant's alleged

violations of the FDCPA and the FCCPA. 15 U.S.C. § 1692; Fla. Stat. §§ 559.55 - 559.785.

### A.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors[] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FCCPA is likewise designed to protect consumers by prohibiting activities such as: willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor; willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor; using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor; or communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor. Fla. Stat. § 559.72. Florida Statute § 559.552 provides that nothing in the FCCPA shall be construed to limit or restrict the continued applicability of the federal FDCPA to consumer collection practices in Florida. "[The FCCPA] is in addition to the requirements and regulations of the federal act. In the event of any inconsistency . . . the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

### B.

Plaintiff moves for summary judgment on the basis that Defendant admitted to calling Plaintiff at 9:30 p.m. on Easter Sunday. (Mot. for Summ. J. ¶ 7.)  Plaintiff asserts that Defendant's answer to interrogatory thirteen ("Defendant did call Plaintiff on Easter Sunday at 9:30 p.m.") provides a clear violation  of the FCCPA (communicating with the debtor between the hours of 9 p.m. and 8 a.m.) leaving no genuine issue of material fact. *Id*.  The Court finds

that, at the very least, there is a question of fact as to whether Defendant admitted to a violation of the law in its answer to interrogatory thirteen.

Plaintiff's motion is based solely on Defendant's answer to Plaintiff's interrogatory. Immediately upon receiving Plaintiff's motion for summary judgment, Defendant filed its amended answers to Plaintiff's interrogatories, attempting to correct what it claims was a scrivener's error which should have obviously read, "Defendant did <u>not</u> call Plaintiff on Easter Sunday at 9:30 pm." (DE 12, Resp. to Plaintiff's Mot. Ex. B.)  Defendant also provided Plaintiff with a letter explaining that "[t]he [amendment to the answer] was necessitated by a scrivener's error regarding interrogatory [number thirteen]. The word **NOT** was inadvertently omitted." (Resp. Ex. D.)  Defendant's contention that the answer to interrogatory thirteen was a mistake is buttressed by Defendant's repeated denials of Plaintiff's claims that Defendant allegedly called at 7:00 a.m., 9:30 p.m., on Easter Sunday at 9:30 p.m., or at any other time that would violate the FDCPA or the FCCPA. (Resp. Ex. B, C.) Defendant's answer to interrogatory number twelve is instructive as the question reads, "[w]hy did Defendant call Plaintiff at 7:00 am and 9:30 pm?" (Resp. Ex. B.) Defendant's response states that "Defendant did not call Plaintiff at those times or at any times that would violate the call times restrictions imposed by the FDCPA or FCCPA." *Id*. Further, in response to Plaintiff's request for admissions, on or around November 19, 2009, Defendant unequivocally denied any requests to admit that calls were made at inappropriate times including on Easter Sunday. (Resp. Ex. C.)

## IV.

"There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Waddell v. Valley Forge*

5

*Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (citing *Patterson & Wilder Constr. Co. v. United States*, 226 F.3d 1269, 1273 (11th Cir. 2000)). Given the entire record, including Defendant's repeated denials of any wrongful conduct in this case, Court finds that a "reasonable factfinder evaluating the evidence could draw more than one inference from the facts." *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). Thus, the Court finds that a genuine issue of material fact remains regarding whether inappropriate calls were made in violation of the FDCPA or the FCCPA.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of June, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record